UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shon Conner Williams # 96043-071, | ) C/A No. 4:14-11-MGL-TER |
| | ) |
| Petitioner, | ) |
| | ) REPORT AND RECOMMENDATION |
| vs. | ) |
| | ) |
| Warden, FCI Williamsburg, Med., | ) |
| | ) |
| Respondents. | ) |
| _____ | ) |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 was submitted to the

court by a federal prison inmate appearing pro se. Pursuant to 28 U.S.C. §636(b)(1)(B), and D.S.C.

Civ. R. 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such pro

se cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § §

1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to

determine whether they are subject to summary dismissal).

**BACKGROUND**

In November 1999, Shon Conner Williams ("Petitioner") pleaded guilty in this court to two

counts of using and carrying and discharge of a firearm in violation of 18 U.S.C. § 924(c)(1)(A)(ii)

and (iii). *United States v. Williams*, Crim. No. 0:99-659-007-(DWS).  He was originally sentenced

on April 7, 2000, to a total of 360 months in federal prison, but that term was later reduced to a total

of 348 months on November 13, 2001.  The Fourth Circuit Court of Appeals affirmed his conviction

and the reduced sentence on January 25, 2002.  *United States v. Williams*, 25 F. App'x 202 (4th Cir.

2002). The undersigned magistrate judge takes judicial notice of the fact that Petitioner has filed at

least eight different, ultimately unsuccessful, motions (including a Motion to Vacate pursuant to 28

U.S.C. § 2255) in his criminal case seeking to reduce or change his sentence. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989)("'[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'").

In the Petition now under review, Petitioner asks this court to exercise its jurisdiction pursuant to 28 U.S.C. § 2241 and vacate his sentence, claiming that he is "actually innocent" of one of the counts of 18 U.S.C. § 924(c)(i) and (iii) to which he pleaded guilty (count 15) based on the recent United States Supreme Court case of *Alleyne v. United States*, _ U.S. _, 133 S. Ct. 2151, 186 L. Ed.2d 314 (2013).  He claims that the holding in *Alleyne* required the court to have "factual issues" that increase the mandatory minimum sentence (such as whether or not he used a gun) found by a jury. Even though he pleaded guilty, he now asserts that he is "actually innocent" of "brandishing and discharging" a firearm as alleged in count 15 because no jury found that he had done so.  ECF No. 1, Pet. 6.

Petitioner alleges that he moved in the Fourth Circuit for authorization to file a second § 2255 motion to raise the arguments presented in this Petition, but that his request was denied. ECF No. 1, Attach. 1, at 2. Now, citing to *In re Jones*, 226 F.3d 328 (4th Cir. 2000), he contends that *Alleyne* changed the "substantive law" that was applied in his criminal case when he received the enhanced sentence he now contests, and the Fourth Circuit's refusal to allow him to raise his actual innocence in a second § 2255 motion makes the § 2255 remedy inadequate and ineffective to test the legality of his detention. ECF No. 1, Attach. 1, at 3.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review was made of the pro se Petition filed in this case.  The review was conducted pursuant to the procedural provisions

of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe pro se petitions liberally.  Such pro se petitions are held to a less stringent standard than those drafted by attorneys,  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case.  *Erickson v. Pardus*, 551 U.S. 89 (2007).  When a federal court is evaluating a pro se petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, it is recommended that the Petition submitted in this case should be summarily dismissed.

## DISCUSSION

3

A motion pursuant to 28 U.S.C. § 2255 provides the primary means of collateral attack on

the imposition of a federal conviction and sentence. *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir.

2010)("[I]t is well established that defendants convicted in federal court are obliged to seek habeas

relief from their conviction and sentences through § 2255."). The Antiterrorism and Effective Death

Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive

applications for § 2255 federal habeas corpus relief by establishing a "gatekeeping mechanism."

*Felker v. Turpin*, 518 U.S. 651, 657 (1996). Now, "[b]efore a second or successive application

permitted by this section is filed in the district court, the applicant shall move in the appropriate

court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. §

2244(b)(3)(A).

A federal inmate may not proceed under 28 U.S.C. § 2241 unless he demonstrates that the

remedy afforded by § 2255 "is inadequate or ineffective to test the legality of his detention." 28

U.S.C. § 2255(e).  For example, "attacks on the execution of a sentence are properly raised in a

§ 2241 petition." *In re Vial*, 115 F.3d 1192, 1194n. 5 (4th Cir. 1997). Nonetheless, the Fourth Circuit

has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective

merely because an individual has been unable to obtain relief under that provision or because an

individual is procedurally barred from filing a § 2255 motion." *Id.* (internal citations omitted). Thus,

a federal inmate may proceed under § 2241 to challenge his conviction or sentence "in only very

limited circumstances." *United States v. Poole*, 531 F.3d 263, 269 (4th Cir. 2008).

To exercise jurisdiction over his claim under § 2241, the Fourth Circuit announced a

three-part test to determine whether a petition can be brought under § 2241:

> Section 2255 is inadequate and ineffective to test the legality of a conviction when:
> (1) at the time of the conviction, settled law of this circuit or the Supreme Court

established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the *substantive law* changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333–34 (emphasis added). This test was formulated expressly to provide a remedy for the "fundamental defect presented by a situation in which an individual is incarcerated for conduct that is not criminal but, through no fault of his own, he has no source of redress." *Id*. at 333 n. 3.

In the *Alleyne* case relied on by Petitioner for his "actual innocence" allegations, the United States Supreme Court held that any fact which increases a mandatory minimum sentence must be submitted to a jury and found beyond a reasonable doubt, overruling *Harris v. United States*, 536 U.S. 545 (2002). *Alleyne v. United States*,133 S. Ct. at 2155. He does not argue that the conduct itself was not criminal but that it was necessary for a jury to determine the facts that increased his mandatory minimum sentence. However, as stated above, Petitioner pleaded guilty to the charges at issue here. Additionally*, Alleyne* was decided in 2013, approximately thirteen years after Petitioner pleaded guilty to two counts of a multi-count indictment that was pending against him. The Fourth Circuit has not explicitly ruled on whether *Alleyne* should apply to cases on collateral review; however, it has recognized in at least one unpublished case involving a § 2255 motion that the United States Supreme Court did not discuss potential retroactivity in the *Alleyne* opinion. *United States v. Stewart*, No. 13-6775, 2013 WL 5397401, *1n.* (4th Cir. Sept. 27, 2013). In *Gibson v. United States*, No. 1:11–0024, 2014 WL 204198, *13 (S.D.W. Va. Jan. 17, 2014), the court collected cases from other circuits and other district courts that have held that *Alleyne* cannot be applied retroactively in collateral review proceedings. *See, e.g.*, *United States v. Redd*, 735 F.3d

88,  91-92 (2d Cir. 2013)(§ 2255 case); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013)(motion to recall mandate; successive § 2255 case); *Manning v. United States*, No. 7:12cr42, 2013 WL 5890722, *2 n. 1 (W.D.Va. Oct. 31, 2013)(§ 2255 case); *Muhammad v. Purdue*, No. 2013 WL 4508870, *4 (N.D.W. Va. Aug. 23, 2013)(§ 2241 case; collecting cases).

Therefore, Petitioner's  resort to § 2241 is foreclosed.  Because petitioner's claim falls outside the § 2255 savings clause, he may not proceed under § 2241.  Instead, the instant application must be construed as an unauthorized successive motion for relief under § 2255 and subjected to summary dismissal without service on Respondent.

## RECOMMENDATION

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice*.

Petitioner's attention is directed to the important notice on the next page.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

February 19, 2014
Florence, South Carolina

*Petitioner's attention is directed to the important NOTICE on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4ᵗʰ Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).